UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ARTHUR RAY ROBINSON (#425796)**                     CIVIL ACTION

**VERSUS**

**JOHN E. POTTER, POSTMASTER GENERAL, ET AL.**        NO. 08-0230-A-M3

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this 17th day of June, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ARTHUR RAY ROBINSON (#425796)            CIVIL ACTION

VERSUS

JOHN E. POTTER, POSTMASTER GENERAL, ET AL.            NO. 08-0230-A-M3

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against United States Postmaster General John E. Potter and LSP Warden Burl Cain, alleging that his constitutional rights were violated in December, 2005, when packages sent to him through the mail at LSP were refused and/or returned.

Under 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. Cf., Green v. McKaskle, supra. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

The plaintiff's Complaint alleges that in December, 2005, Warden Burl Cain instituted a policy at LSP pursuant to which inmates would no longer be allowed to receive clothing from family

members through the mail. A deadline of December 7, 2005, was established for the sending of final clothing packages. Notwithstanding, the plaintiff complains that a package addressed to him from J.C. Penney and ordered by his brother before the deadline was refused at the Baton Rouge Post Office in December 11, 2005, and returned to the store without notice to the plaintiff, allegedly due to a stop order issued for all clothing packages addressed to LSP inmates. The plaintiff complains, in addition, that his brother was not reimbursed the shipping and handling costs which he had paid. Thereafter, apparently with permission from LSP personnel, the plaintiff had his daughter re-order the referenced clothing, but the package was again refused and again his daughter was not reimbursed the shipping and handling fees paid by her.

The pleadings in this action fail to show that there is an arguable factual and legal basis of constitutional dimension for the asserted wrongs. Initially, to the extent that the plaintiff's Complaint may be interpreted as seeking return of shipping and handling charges incurred by family members, this claim is not properly before the Court. The plaintiff lacks standing to assert the rights of third persons, Coon v. Ledbetter, 780 F.2d 1158, 1160 (5th Cir. 1986), and this claim must be dismissed.

Further, to the extent that the plaintiff complains that he was by the defendants' conduct deprived of his property without due process of law, this claim is not properly before the Court. Random and unauthorized deprivations of property do not violate the federal constitution if an adequate post-deprivation state remedy exists. Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 383 (1984). The burden is on the complainant to show that available remedies are not adequate, Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984), and the plaintiff in this case has not alleged, nor is there any evidence to suggest, that state post-deprivation remedies were unavailable or inadequate. To the contrary, Louisiana law provides ample remedies under which the plaintiff could have proceeded against the defendants for recovery of his property or for reimbursement for its

loss. Marshall v. Norwood, supra.

Moreover, to the extent that the plaintiff is complaining of the LSP policy precluding the receipt of clothing from family members, the Court sees no constitutional violation in this restriction. The plaintiff is provided with state-issued clothing, and there is no perceived constitutional right of inmates to obtain and wear clothing purchased at different locations. In addition, it appears that the stated reason for the restriction, i.e., to lessen the possibility of drugs and contraband being introduced into the prison in clothing packages, is rationally related to legitimate penological interests. Accordingly, this claim is not properly before the Court.

Finally, it appears from attachments to the plaintiff's Complaint that he has failed to state a claim for relief against the United States Postmaster. Specifically, he has attached documentation to his Complaint which reflects that the referenced clothing packages were sent to the plaintiff by way of Federal Express, an independent company, and not by way of the United States Postal Service. Accordingly, it is clear that the United States Postal Service was in no way connected with delivery of the referenced packages, and there can be no liability on the part of the Postal Service or the United States Postmaster.

Accordingly, the plaintiff's claims in the instant case must be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A, without prejudice to any state law claims which the plaintiff may have.[1]

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the plaintiff's Complaint be dismissed

---

[1] Note that 28 U.S.C. § 1915A(g) specifically provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

pursuant to 28 U.S.C. §§ 1915(e) and 1915A, without prejudice to any state law claims which the plaintiff may have.

Baton Rouge, Louisiana, this 17th day of June, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE